**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

MELODIO REYES,                          §
                                        §
      Plaintiff,                      §
                                        §
*versus*                                §   CIVIL ACTION NO. 1:20-CV-61
                                        §
M.K. LEWIS, *et al.*,                   §
                                        §
      Defendants.                     §

### MEMORANDUM OPINION AND ORDER

Plaintiff Melodio Reyes, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled action.

Plaintiff filed an application to proceed *in forma pauperis* in this action.  However, a review of the application revealed it was not in proper form.  Accordingly, on March 30, 2020, plaintiff was ordered to submit a statement certified by an authorized prison official showing the average balance in and deposits into plaintiff's inmate trust account for the preceding six months. Plaintiff's compliance was due on or before the expiration of twenty (20) days from the date of the order.

Plaintiff failed to comply with the order to submit a statement of his account.  Accordingly, on May 4, 2020, the magistrate judge entered a report recommending dismissal of the action for want of prosecution.  On August 20, 2020, after receiving no objections to the report, a final judgment was entered dismissing the action without prejudice for want of prosecution based on plaintiff's failure to submit a printout of his prisoner account.

On September 8, 2020, plaintiff submitted a printout of his account along with a cover sheet in which he states he enclosed "the requested Inmate Account for the past six months." Interpreted liberally, plaintiff's filing is construed as a motion to alter or amend judgment.  This memorandum opinion considers such motion.

## Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial.*  The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A)     after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B)     after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial.*  After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) **Motion to Alter or Amend a Judgment.**  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

After careful consideration of plaintiff's motion to alter or amend judgment, the court is of the opinion that same should be granted.[1]

### ORDER

For the reasons set forth above, plaintiff should be granted relief from the judgment.  It is therefore

ORDERED that plaintiff's motion to alter or amend judgment is **GRANTED**.  It is further

ORDERED that the judgment entered on August 20, 2020 is **VACATED**.  The Clerk of Court is **DIRECTED** to reinstate the above-styled action on the court's active docket.

SIGNED at Beaumont, Texas, this 10th day of September, 2020.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1]     While plaintiff has filed a notice of appeal, "the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court.  This holds true regardless of whether the motion was filed before or after the notice of appeal."  *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005).  A motion to alter or amend judgment under Rule 59 of the Federal Rules of Civil Procedure is one of the motions listed in Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure.  Thus, the notice of appeal is suspended.  *See Ross*, 426 F.3d at 752.  As a result, this court has jurisdiction to consider plaintiff's motion.